
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. Paula J. Pointer, | ) ) ) | Civil Action Number: 2-02-3147-12 |
| Plaintiff/relator, | ) ) ) | **ANSWER OF DEFENDANTS** |
| v. | ) ) | |
| Tenet Healthcare Corporation, East Cooper Regional Medical Center and East Cooper Community Hospital, Inc., | ) ) ) ) | |
| Defendants. | ) ) | |

Defendants Tenet Healthcare Corporation, East Cooper Regional Medical Center and East Cooper Community Hospital, Inc. (hereinafter "Defendants") answer the Plaintiff's Complaint as follows.

Defendants deny each and every allegation, or portion thereof, of the Plaintiff's Complaint that is not hereinafter specifically admitted.

## RESPONSE TO ALLEGATIONS AS TO THE PARTIES

1. Defendants admit so much of the allegations of Paragraph 1 of the Complaint which state that Relator was the Director of Pharmacy for Defendant East Cooper Regional Medical Center. Defendants affirmatively state that the Relator is no longer employed by East Cooper Regional Medical Center. Defendants do not have sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint and therefore deny same and demand strict proof thereof.

2. Defendants admit so much of the allegations of the first sentence of Paragraph 2 of the Complaint which state that the Defendant Tenet Healthcare Corporation is a Nevada

Corporation. The remaining allegations of the first sentence of Paragraph 2 of the Complaint refer to an Internet site maintained by an affiliate of Tenet Healthcare Corporation, and the information contained therein speaks for itself. To the extent the allegations of the first sentence of paragraph 2 of the Complaint which refer to the Internet site are inconsistent with the information contained on said site, the Defendants deny said allegations. With respect to the allegations of the third sentence of Paragraph 2 of the Complaint, Defendants admit that Tenet indirectly owns co-Defendants which transact business in South Carolina. Defendants further admit that written literature at its facilities is distributed at facilities indirectly owned by Tenet and that information through the web site maintained by a Tenet affiliate. Except as so expressly admitted, Defendants deny the allegations of the third sentence of Paragraph 2 of the Complaint. The defendants are informed and believe that the remaining allegations of Paragraph 2 of the Complaint have been struck from the Complaint and therefore no response is required. To the extent a response is deemed required, the Defendants deny the remaining allegations of Paragraph 2 of the Complaint and also deny all of the allegations of Exhibit A to the Complaint which is attached thereto and incorporated therein by reference.

3. The Defendants admit the allegations of the first, second and third sentences of Paragraph 3 of the Complaint. The Defendants admit so much of the allegations of the last sentence of Paragraph 3 of the Complaint which state that the facility is owned and/or operated by a subsidiary indirectly owned by Tenet. The Defendants deny the remaining allegations of the last sentence of Paragraph 3 of the Complaint.

4. Defendants admit so much of the allegations of Paragraph 4 of the Complaint which state that the Defendant East Cooper Community Hospital, Inc. is a South Carolina corporation and that this Defendant, according to the South Carolina Department of Health &

Environmental Control is the corporate entity operating the Defendant facility. Defendants deny the remaining allegations of Paragraph 4 of the Complaint.

## RESPONSE TO ALLEGATIONS AS TO THE NATURE OF THE ACTION

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint, except that the Defendants admit that Paragraph 5 purports to state that this action is brought pursuant to the Federal False Claims Act, 31 U.S.C. §§ 3729-33.

6. Defendants deny the allegations of Paragraph 6 of the Complaint.

7. Defendants admit so much of the allegations of Paragraph 7 of the Complaint which state that East Cooper Regional Medical Center at 1200 Johnnie Dodds Boulevard in Mt. Pleasant, South Carolina utilized "Sure-Med" machines for dispensing of drugs, and a nurse or other authorized employee/contractor entered a password, the patient's name and the desired drug. However, the Defendants affirmatively state that "Sure-Med" machines are no longer utilized at East Cooper Regional Medical Center. Defendants also admit so much of the allegations of Paragraph 7 of the Complaint which state that Tenet had net operating revenues of over $12 billion in 2002. The Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations of Paragraph 8 of the Complaint.

9. With respect to the allegations of Paragraph 9 of the Complaint, Defendants admit that Tenet and Tenet affiliates agreed to pay to the federal government in the summer of 2002 over $55 million to settle unrelated Medicare fraud claims. Defendants deny the remaining allegations of Paragraph 9 of the Complaint.

10. Defendants admit so much of the allegations of Paragraph 10 of the Complaint which state that Relator met with the highest Tenet officials at ECRMC. Defendants do not have

COLUMBIA 812150v1

3

sufficient information to form a belief as to the truth of the allegation of Paragraph 10 which set out the number of different occasions that Relator and Tenet officials met, and therefore deny same and demand strict proof thereof. The Defendants deny the remaining allegations of Paragraph 10 of the Complaint.

11. Defendants deny the allegations of Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, the Defendants deny the allegations of Paragraph 12 of the Complaint.

## RESPONSE TO ALLEGATIONS AS TO JURISDICTION AND VENUE

13. Defendants admit so much of the allegations of Paragraph 13 of the Complaint which state that Tenet is a Nevada corporation that is not authorized to do business in South Carolina. The remaining allegations of Paragraph 13 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required to these remaining allegations of Paragraph 13 of the Complaint, these allegations are denied.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required to the allegations of Paragraph 14 of the Complaint, these allegations are denied.

## RESPONSE TO ALLEGATIONS AS TO THE FEDERAL HEALTHCARE PROGRAMS

**The Medicare Program**

15. Answering Paragraph 15 of the Complaint, Defendants admit so much of the allegations thereof which state that most hospitals, including Defendant, derive a substantial portion of their revenue from the Medicare Program. The remaining allegations of Paragraph 15 of the Complaint refer to Title XVIII of the Social Security Act, which is a written document,

and the amount of revenue received by Defendant Tenet from Medicare, for which there are written records. Both the written document and the written records speak for themselves. To the extent that the remaining allegations of Paragraph 15 of the Complaint are inconsistent with the content of these writings, the Defendants deny those allegations.

16. The allegations contained in Paragraph 16 of the Complaint refer to procedures followed by hospitals to obtain payments from Medicare. These procedures are in writing and speak for themselves. To the extent the allegations of Paragraph 16 of the Complaint are inconsistent with these written procedures, the Defendants deny those allegations.

17. The allegations contained in Paragraph 17 of the Complaint refer to procedures followed by hospitals to obtain payments from Medicare. These procedures are in writing and speak for themselves. To the extent the allegations of Paragraph 17 of the Complaint are inconsistent with these written procedures, the Defendants deny those allegations.

18. Answering Paragraph 18 of the Complaint, Defendants deny so much of the allegations thereof which state that these certifications were false. The remaining allegations of Paragraph 18 of the Complaint refer to the certification requirements related to Hospital Cost Reports. These requirements are in writing and speak for themselves. To the extent the remaining allegation of Paragraph 18 of the Complaint are inconsistent with these written procedures, the Defendants deny those allegations.

19. The allegations of Paragraph 19 of the Complaint refer to the statutes and regulations governing the Medicare program which speak for themselves and are referred to for their content. To the extent that the allegations of Paragraph 19 of the Complaint are inconsistent with those provisions, the allegations are denied.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

### The Medicaid Program

21. The allegations of Paragraph 21 of the Complaint concern the Medicaid program, the provisions of which are in writing and speak for themselves. To the extent the provisions of Paragraph 21 of the Complaint are inconsistent with the written provisions of the Medicaid program, the Defendants deny said allegations.

22. The first sentence of Paragraph 22 of the Complaint refers to revenue received by Defendant Tenet from Medicaid and Medicare reimbursement. There are written records of said revenues and said written records speak for themselves. To the extent that the allegations of the first sentence of Paragraph 22 of the Complaint are inconsistent with the written records of revenues which Defendant Tenet received from Medicaid, Defendants deny those allegations. Defendants deny the remaining allegations of Paragraph 22 of the Complaint.

23. The allegations of the first sentence of Paragraph 23 of the Complaint refer to certification procedures related to Medicaid. These procedures are in writing and speak for themselves. To the extent the allegations of the first sentence of Paragraph 23 of the Complaint are inconsistent with these written procedures, the Defendants deny those allegations. Defendants deny the remaining allegations of Paragraph 23 of the Complaint.

### TRICARE/CHAMPUS

24. Defendants admit the allegations of Paragraph 24 of the Complaint.

25. The allegations of Paragraph 25 of the Complaint concern the Tricare/Champus programs, the provisions of which are in writing and speak for themselves. To the extent the provisions of Paragraph 25 of the Complaint are inconsistent with the written provisions of the Tricare/Champus programs, the Defendants deny said allegations.

26. The allegations contained in Paragraph 26 of the Complaint refer to procedures required by facilities to obtain reimbursement from Tricare/Champus. These procedures are in writing and speak for themselves. To the extent the allegations of Paragraph 26 of the Complaint are inconsistent with these written procedures, the Defendants deny those allegations.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

## RESPONSE TO ALLEGATIONS OF FALSE AND FRAUDULENT CLAIMS

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

## RESPONSE TO CLAIM FOR DAMAGES

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

## DEFENSE TO THE FIRST CAUSE OF ACTION

33. Answering Paragraph 33 of the Complaint, the Defendants restate and reiterate the Defendants' answers to Paragraphs 1-32 of the Complaint above as if restated fully herein and incorporate them herein by reference.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint does not require a response. To the extent it is deemed that Paragraph 36 of the Complaint requires a response, the Defendants deny the allegations of Paragraph 36.

## DEFENSE TO THE SECOND CAUSE OF ACTION

37. Answering Paragraph 37 of the Complaint, the Defendants restate and reiterate the Defendants' answers to Paragraphs 1-36 of the Complaint above as if restated fully herein and incorporate them herein by reference.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint does not require a response. To the extent it is deemed that Paragraph 40 of the Complaint requires a response, the Defendants deny the allegations of Paragraph 40.

## DEFENSE TO THE THIRD CAUSE OF ACTION

41. Answering Paragraph 41 of the Complaint, the Defendants restate and reiterate the Defendants' answers to Paragraphs 1-40 of the Complaint above as if restated fully herein and incorporate them herein by reference.

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint does not require a response. To the extent it is deemed that Paragraph 44 of the Complaint requires a response, the Defendants deny the allegations of Paragraph 44.

## DEFENSE TO THE FOURTH CAUSE OF ACTION

45. Answering Paragraph 45 of the Complaint, the Defendants restate and reiterate the Defendants' answers to Paragraphs 1-44 of the Complaint above as if restated fully herein and incorporate them herein by reference.

46. Defendants deny the allegations of Paragraph 46.

COLUMBIA 812150v1

47. Defendants deny the allegations of Paragraph 47.

48. Paragraph 48 of the Complaint does not require a response. To the extent it is deemed that Paragraph 48 of the Complaint requires a response, the Defendants deny the allegations of Paragraph 48.

## ADDITIONAL DEFENSES TO ALL CAUSES OF ACTION

### MOTION TO DISMISS – RULE 12 (b) (6) FEDERAL RULES OF CIVIL PROCEDURE

49. The above responses and defenses are incorporated as fully as if stated verbatim herein.

50. The allegations set forth in Plaintiff's Complaint fail to state facts sufficient to constitute a cause of action upon which relief can be granted against the Defendants, and the Complaint should be dismissed pursuant to Rule 12(b) (6) Federal Rules of Civil Procedure.

### STATUTES OF LIMITATIONS

51. The above responses and defenses are incorporated as fully as if stated verbatim herein.

52. All of the claims asserted in the Plaintiff's Complaint are barred by the applicable Statutes of Limitations or repose.

### QUI TAM PROVISIONS OF THE FALSE CLAIMS ACT VIOLATE THE UNITED STATES CONSTITUTION

53. The above responses and defenses are incorporated as fully as if stated verbatim herein.

54. The *qui tam* provisions of the False Claims Act under which this action is brought are invalid because they violate the United States Constitution.

## STALE CLAIMS/LACHES

55. The above responses and defenses are incorporated as fully as if stated verbatim herein.

56. Any causes of action which the Plaintiff had or may have had were not timely asserted and are barred by laches as stale claims.

## FAILURE TO STATE A CLAIM FOR TREBLE DAMAGES, PUNITIVE DAMAGES AND STATUTORY PENALTIES

57. The above responses and defenses are incorporated as fully as if stated verbatim herein.

58. The causes of action of the Complaint fail to state claims for treble damages, punitive damages or statutory penalties upon which relief can be granted.

## CONSTITUTIONAL DEFENSES TO TREBLE DAMAGES, PUNITIVE DAMAGES AND STATUTORY PENALTIES BASED ON THE UNITED STATES CONSTITUTION

59. The above responses and defenses are incorporated as fully as if stated verbatim herein.

60. The Defendants assert that Plaintiff's prayer for treble damages, punitive damages and statutory penalties is unfounded and should be stricken from the Complaint and further violates the Constitution of the United States.

## PLAINTIFF IS NOT AN "ORIGINAL SOURCE" AS REQUIRED BY THE FALSE CLAIMS ACT

61. The above responses and defenses are incorporated as fully as if stated verbatim herein.

62. Plaintiff is not an "original source" as required by the False Claims Act under which this action is brought and therefore cannot maintain this action.

**WHEREFORE,** having fully answered the Complaint of the Plaintiff, the Defendants pray that the Complaint be dismissed, with costs, and for such other relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Donald M. Williams*

Celeste T. Jones, Fed. ID # 2225
Donald M. Williams, Fed ID # 4672
A. Victor Rawl, Jr., Fed ID # 6971
MCNAIR LAW FIRM, P.A.
Post Office Box 11390
Columbia, SC 29211
Tel: (803) 799-9800
Fax: (803) 376-2278

Roger S. Goldman
Kirsten N. Stolte
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

ATTORNEYS FOR DEFENDANTS

December 17, 2004
Columbia, South Carolina